GReen, J.,
delivered the opinion of the court.
The indictment in this case charges, that David, a negro slave, the property of Daniel McCarn, made an assault upon Elizabeth McCarn, a free white woman, with intent to kill and murder her; and that Daniel McCarn moved, incited and commanded the said negro man David, before the making the said assault, to commit the same, and that the prisoner, George Payne, knowing that said Daniel McCarn had moved and incited'the said negro David to commit the said assault, did harbor and conceal, aid and comfort the said Daniel McCarn.
On motion of the defendant, the circuit court quashed this indictment, and the Attorney General appealed to this court.
There is no objection to this indictment, as to matter of form; but it is, insisted, that by our law, a party is not indictable as an accessary of an accessary to a felony.
It is not denied, that at the common law, there might be an accessary to an accessary before the fact, but it is said, our statutes provide no punishment for the offence.
Chitty, in his Criminal Law, says, (vol. 1 p. 225,) “There may be an accessary to a person, who was accessary before the fact, as if A advise and procure B to murder C, by this A is accessary before the fact, and though but accessary, yet if D receives and conceals him from justice, D thereby becomes an accessary, but there cannot be an accessary to a person who was accessary after the fact.” See also, 3 P. Williams, 475.
Indeed, it would be most unreasonable, to hold that there could be no accessary after the fact, to a person who was an accessary before the fact, for it often happens that the access- ■ ary before the fact is much more guilty than the principal felon. Of this remark, the present case is an illustration. If McCarn commanded his slave to commit the assault charg *385 ed, he is the most guilty felon of the two; and surely he who aids his escape, and conceals him from justice, is as guilty as he would be if McCarn had made the assault in person.
There is, therefore, no ground for quashing the indictment, even if there be doubt as to whether the case falls within the 64th section of the Penitentiary code. But, if there be an ac-cessary after the fact, to one who was an accessary before the fact, such accessary before the fact, is principal to the party who thus conceals and secretes him. The 64th section of the act of 1829, chap. 23, says, “All accessaries after the fact shall be punished as their principal, except, &c.” The act does not say that they shall be punished as the principal felon in the transaction, but that they shall be punished as “their principal” — which means, the person to whom they have given aid and comfort.
Reverse the judgment, and remand the prisoner for trial.